IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE FREEMON, HAYLEY PUCIW, ROSALIE TORTORICI, KYLEE GALLAGHER, and SAMANTHA ROLAND, | ) ) ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| T.J.E., INC. d/b/a TJ'S SPORTS BAR & GRILL, TIM ECCLESTONE, and MARK ECCLESTONE, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COME NOW Plaintiffs Nicole Freemon, Hayley Puciw, Rosalie Tortorici, Kylee Gallagher, and Samantha Roland (hereinafter "Plaintiffs"), by and through the undersigned Counsel of Record, and herein assert their claims against Defendants T.J.E., Inc. d/b/a TJ's Sports Bar & Grill, Tim Ecclestone, and Mark Ecclestone (hereinafter collectively referred to as "Defendants"), respectfully showing the Court as follows:

## INTRODUCTION

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, and attorney's fees and costs for Defendants' failure to pay federally mandated minimum hourly wages and overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiffs' employment with Defendants.

3.

During Plaintiffs' employment, Defendants engaged in multiple violations of the FLSA, including but not limited to the following: Defendants failed to pay Plaintiffs' minimum hourly wages. Defendants failed to pay Plaintiffs' overtime wages. Defendants unlawfully deducted a tip credit from Plaintiffs' compensation without providing proper notice to Plaintiffs. Defendants required Plaintiffs and other tipped employees to pay a portion of their tips into an unlawful tip pool. Defendants manipulated the time records of Plaintiffs and other employees to deduct time worked immediately before the beginning and immediately after end of

numerous scheduled shifts, despite the fact that such work was performed with the Defendants' knowledge and consent.

## JURISDICTION AND VENUE

4.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendant T.J.E., INC. d/b/a TJ'S SPORTS BAR & GRILL conducts business in this judicial district, all the events, acts, and omissions giving rise to the claims herein arose in this judicial district, and the Defendants TIM ECCLESTONE and MARK ECCLESTONE reside within this judicial district.

6.

This Court has original jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

## PARTIES

7.

Plaintiffs are residents of the State of Georgia.

8.

Plaintiffs are "employees" of Defendants, within the meaning of the FLSA.

9.

Defendants are "employers" within the meaning of the FLSA.

10.

Defendant T.J.E., Inc. d/b/a TJ's Sports Bar & Grill (hereafter "TJ's") was a full-service restaurant and is a Georgia corporation existing under the laws of the State of Georgia and with its principal office in Fulton County, Georgia.

11.

Per O.C.G.A. § 14-2-1420, Defendant T.J.E., Inc. d/b/a TJ's Sports Bar & Grill (hereafter "TJ's") was involuntarily or administratively dissolved or its certificate of authority revoked by the Office of Secretary of State on 09/30/2021 for failure to file its annual registration, failure to maintain a registered agent or registered office in this state, and/or failure to submit payment for a dishonored fee payment or for fees, taxes, or penalties owed.

12.

Per O.C.G.A. § 14-2-1421(c), a corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs.

13.

Per § O.C.G.A.  14-2-1421(c), Defendant TJ's failed to: (1) notify known claimants, Plaintiffs herein, in accordance with § 14-2-1406, or, in the alternative, (2) mail or deliver, with accompanying payment of the cost of publication, a notice containing the information specified in subsection (b) of § 14-2-1407.

14.

Due to Defendant TJ's failure, the claims against TJ's shall not be limited as specified in O.C.G.A. §§ 14-2-1406 and 14-2-1407, and Defendant TJ's may not dispose of the claims against it.

15.

Per O.C.G.A. § 14-2-1421(d), the administrative dissolution of a corporation does not terminate the authority of its registered agent.

16.

TJ's may be served with process via service on its registered agent Robert Meier at 8565 Dunwoody Pl, Bld. 15, 1st Fl., Atlanta, GA, 30350, or pursuant to § 9-11-4, to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof—Defendants Tim Ecclestone (CEO) or Mark Ecclestone (CFO, Secretary).

17.

Throughout 2019 TJ's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

Throughout 2020 TJ's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2019, TJ's had two or more "employees engaged in commerce" as within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

Throughout 2020, TJ's had two or more "employees engaged in commerce" as within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

Throughout 2019 and 2020, TJ's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. §

203(s)(1)(A) including food, liquor, cleaning products and other restaurant related supplies and equipment.

22.

TJ's is subject to the personal jurisdiction of this Court.

23.

Defendant Tim Ecclestone is a Georgia resident and may be served with process at 10095 Fairway Village Drive, Roswell, GA 30076 or wherever he may be found.

24.

Tim Ecclestone was, at all relevant times, an owner/manager of TJ's, involved in the day-to-day operation of TJ's, and regularly exercised authority to: (a) hire and terminate employees, (b) determine the schedules and assignments for employees, (c) supervise employees, and (d) otherwise control operation of TJ's.

25.

Tim Ecclestone was, at all relevant times, Plaintiffs' direct supervisor, who participated in the unlawful conduct described herein.

26.

Tim is subject to the personal jurisdiction of this Court.

27.

Defendant Mark Ecclestone is a Georgia resident and may be served with process at 295 Nesbit Entry Drive, Roswell, GA, 30076, or wherever he may be found.

28.

Mark Ecclestone was, at all relevant times, an owner/manager of TJ's, involved in the day-to-day operation of TJ's, and regularly exercised authority to: (a) hire and terminate employees, (b) determine the schedules and assignments for employees, (c) supervise employees, and (d) otherwise control operation of TJ's.

29.

Mark Ecclestone was, at all relevant times, Plaintiffs' direct supervisor, who participated in the unlawful conduct described herein.

30.

Mark is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

31.

The "Relevant Time Period" is the Plaintiffs' collective dates of employment with Defendants, ranging from approximately March 2019 through March 2020.

8

32.

Plaintiff Nicole Freemon worked for Defendants from approximately July 2018 through March 2020.

33.

Plaintiff Haley Picuw worked for Defendants from approximately October 2018 through March 2020.

34.

Plaintiff Kylee Gallagher worked for Defendants from approximately February 2018 through early 2019 and again from approximately Fall 2019 through March 2020.

35.

Plaintiff Rosalie Tortorici worked for Defendants from approximately October 2018 through March 2020.

36.

Plaintiff Samantha Roland worked for Defendants from approximately 2019 through March 2020.

37.

Plaintiffs' primary job duties throughout their employment with Defendants was non-exempt work, specifically serving customers with food and drink, either as servers or bartenders.

38.

Defendants announced the closure of their restaurant TJ's Sports Bar & Grill on March 20, 2020.

## FLSA VIOLATIONS

39.

Defendants are governed by and subject to the FLSA.

40.

Defendants failed to notify Plaintiffs of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m) prior to attempting to take a tip credit.

41.

Defendants unlawfully deducted a tip credit from Plaintiffs' compensation resulting in Plaintiffs receiving effective hourly rates of $2.13.

42.

Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiffs' tips towards a portion of their minimum wage obligations.

43.

Defendants intentionally paid many employees "off the books."

44.

In numerous workweeks throughout their employment, Plaintiffs received only cash tips and were not paid any minimum hourly wages, in violation of the FLSA.

45.

Defendants failed to compensate Plaintiffs at or above the federal minimum wage of $7.25 per hour for each hour worked.

46.

Plaintiffs Nicole Freemon, Hayley Puciw, Samantha Roland, and Rosalie Tortorici asked Defendants to be put "on the books" for proper recordkeeping and tax-related documentation purposes, so that her time and pay records would be accurate.

47.

Defendants discouraged and attempted to dissuade employees from being put "on the books."

48.

Plaintiff Nicole Freemon was specifically told by Tim Ecclestone that she would "owe so much money" if she were put "on the books."

49.

Throughout Plaintiffs' employment, Defendants failed to provide Plaintiffs and other TJ's employees with specific employee identification numbers for the purposes of clocking in and clocking out to accurately record their working hours.

50.

Plaintiffs Nicole Freemon, Kylee Gallagher, Rosalie Tortorici, and Haley Puciw requested that Defendants issue them a specific employee identification number for proper recordkeeping and tax-related documentation purposes, so that their time and pay records would be accurate.

51.

Upon their requests, Plaintiffs Nicole Freemon, Kylee Gallagher, and Rosalie Tortorici were issued specific employee identification numbers, but other TJ's employees would utilize their numbers, and sometimes other employee identification numbers, because most TJ's employees did not have their own specific employee identification number. Defendants were aware of this.

52.

Plaintiffs who were not issued specific employee identification numbers and other TJ's employees would utilize the same identification numbers (for example, "Floor Number - 3" or "Two for Tuesday - 19") to record time, causing said Plaintiffs and other TJ's employees to not have accurate time recorded for their total hours worked in a workweek. Defendants were aware of this.

53.

Throughout Plaintiffs' employment, Defendants required Plaintiffs to perform work off-the-clock, including work immediately before the beginning and immediately after the end of numerous scheduled shifts, such that the time records would not reflect Plaintiffs' accurate total hours worked in a workweek.

54.

In numerous workweeks throughout their employment, Plaintiffs worked in excess of 40 hours per week without overtime payment per the FLSA.

55.

Throughout Plaintiffs' employment, Defendants failed to timely provide Plaintiffs with tax-related documentation.

56.

Upon request by Plaintiff Rosalie Tortorici, Defendants provided tax-related documentation to Plaintiff Rosalie, but the documentation was inaccurate and falsified by Defendants.

57.

Defendants failed to withhold income taxes and other taxes and deductions from Plaintiffs' wages.

58.

Defendants' actions or inactions prevented truthful reporting of Plaintiffs' time worked and led to artificially low reporting for financial documentation.

59.

Defendants failed to maintain proper and accurate time and payroll records per the FLSA, 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

60.

Defendants' practice of failing to provide Plaintiffs with their own specific employee identification number and requiring Plaintiffs to work off-the-clock affected Plaintiffs' time records, truncating their hours worked and frequently resulting in failure to pay Plaintiffs for hours worked, including hours worked in excess of 40 hours per week.

61.

Throughout Plaintiffs' employment, Plaintiffs regularly worked in given workweeks and were not paid the minimum wage for hours worked.

62.

Defendants failed to compensate Plaintiffs at their regular rate (*i.e.,* the minimum wage) for their time worked in numerous workweeks.

63.

Defendants knew or had reason to know that Plaintiffs regularly worked without compensation of the federal minimum wage.

64.

Defendants' failure to compensate Plaintiffs at no less than the federal minimum wage during each workweek was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

65.

On information and belief, the exact workweeks in which Plaintiffs worked without receiving the federal minimum wage can be determined upon examination and analysis of any existing electronically stored time records and financial records of Defendants, or, in the alternative, upon Plaintiffs' records and recollection.

66.

Throughout Plaintiffs' employment, Plaintiffs regularly worked an amount of time that was more than 40 hours in given workweeks and were not paid the overtime wage differential for hours they worked over 40 in workweeks.

67.

Defendants failed to compensate Plaintiffs at or above one-and-one-half times their regular rate (*i.e.,* the minimum wage) for overtime compensation for time worked in excess of 40 hours per workweek.

68.

Defendants knew or had reason to know that Plaintiffs regularly worked in excess of 40 hours in workweeks without overtime compensation.

69.

Defendants' failure to compensate Plaintiffs at no less than one-and-one-half times their regular hourly rate during each workweek was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

70.

Defendants failed to pay Plaintiffs the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiffs worked over forty (40) hours in a workweek.

71.

On information and belief, the exact workweeks in which Plaintiffs worked in excess of 40 hours per week without receiving proper compensation can be determined upon examination and analysis of any existing electronically stored time records and financial records of Defendants, or, in the alternative, upon Plaintiffs' records and recollection.

72.

FLSA section 3(m), with amendments pursuant to the Consolidated Appropriations Act of 2018 (CAA), prohibits employers from keeping their employees' tips "for any purposes, including allowing managers or supervisors to keep any portion of employees' tips."

73.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiffs when they failed to notify Plaintiffs of the tip credit provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

74.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiffs when they required Plaintiffs to contribute a portion of their tips to management and other non-tipped employees.

75.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiffs when Defendants falsified Plaintiffs' time records and truncated their compensated work hours.

76.

Defendants have not relied on any letter ruling from the Department of Labor indicating that any of the above-described practices are permitted under the FLSA.

77.

Defendants have not relied on any legal advice indicating that any of the above-described practices are permitted under the FLSA.

78.

Defendants had authority and control over the FLSA violations complained of herein.

79.

Defendants Tim and Mark Ecclestone are the founders and owners of TJ's and were involved in the day-to-day operations and had substantial operational control over TJ's, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiffs.

80.

Defendants Tim and Mark Ecclestone had the highest-level management authority at TJ's.

81.

Defendants Tim and Mark Ecclestone exercised managerial authority and supervision of Plaintiffs and other servers, bartenders, chefs, and other restaurant staff at TJ's.

82.

Defendants Tim and Mark Ecclestone exercised authority and control over the finances and operations of TJ's.

83.

Defendants Tim and Mark Ecclestone had the power to hire and fire employees, including, without limitation, individuals employed by TJ's in the same capacity as Plaintiffs.

84.

Defendants Tim and Mark Ecclestone exercised control over employee work schedules and terms and conditions of employment on a day-to-day basis including, without limitation, individuals employed by TJ's in the same capacity as Plaintiffs.

85.

Defendants Tim and Mark Ecclestone determined the pay rate and method of pay for Plaintiffs and other TJ's restaurant staff.

86.

Defendants Tim and Mark Ecclestone acted directly or indirectly in the interest of TJ's in their interactions with Plaintiffs.

## CLAIMS FOR RELIEF

## COUNT I

## FLSA VIOLATION OF 29 U.S.C. § 206

## (FAILURE TO PAY MIMINIMUM WAGE)

87.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully restated herein.

88.

At all times during the Relevant Time Period, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

89.

At all times during the Relevant Time Period, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

90.

At all times during the Relevant Time Period, Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

91.

At all times during the Relevant Time Period, Defendants required Plaintiffs to pay a portion of their tips into an unlawful tip pool and kickbacks to Defendants in violation of 29 U.S.C. § 203(m)(B) and 29 C.F.R. § 531.35.

92.

At all times during the Relevant Time Period, Defendants willfully required Plaintiffs to pay a portion of their tips into an unlawful tip pool and kickbacks to Defendants in violation of 29 U.S.C. § 203(m)(B) and 29 C.F.R. § 531.35.

93.

At all times during the Relevant Time Period, Defendants failed to compensate Plaintiffs for all time worked.

94.

At all times during the Relevant Time Period, Defendants willfully failed to compensate Plaintiffs for all time worked.

95.

Defendants are jointly and severally liable to Plaintiffs for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

96.

Defendants are jointly and severally liable to Plaintiffs for the full value of all tips paid into an unlawful tip pool and kickbacks that Defendants required Plaintiffs to pay them.

97.

Because of the willfulness of Defendants' FLSA violations, Defendants are also jointly and severally liable to Plaintiffs for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

98.

Defendants are also jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

99.

Defendants knew or showed reckless disregard for the fact that their actions, policies, and/or omissions violated the FLSA.

100.

Defendants willfully violated the FLSA, thus entitling Plaintiffs to a three-year statute of limitations on their claims.

## COUNT II

## FLSA VIOLATION OF 29 U.S.C. § 207

## (FAILURE TO PAY OVERTIME WAGES)

101.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as if fully restated herein.

102.

At all times during the Relevant Time Period, Plaintiffs were employees covered by the FLSA and entitled to the maximum hour protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

103.

In numerous workweeks during the Relevant Time Period, Defendants failed to compensate Plaintiffs at one-and-one-half times their regular rate for all time worked in excess of 40 hours per week as required by the FLSA.

104.

In numerous workweeks during the Relevant Time Period, Defendants willfully failed to compensate Plaintiffs at one-and-one-half times their regular rate for all time worked in excess of 40 hours per week as required by the FLSA.

105.

Defendants are jointly and severally liable to Plaintiffs for all unpaid overtime compensation Plaintiffs earned during the Relevant Time Period pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

106.

Defendants are also jointly and severally liable to Plaintiffs for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

107.

Defendants are also jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

108.

Defendants knew or showed reckless disregard for the fact that their actions, policies, and/or omissions violated the FLSA.

109.

Defendants willfully violated the FLSA, thus entitling Plaintiffs to a three-year statute of limitations on their claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, based on the above-stated claims that Defendants violated Plaintiffs federal rights, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and order the following relief as allowed by law:

1. Take jurisdiction of this matter;

2. Grant Plaintiffs a trial by jury as to all issues;

3. Issue a judgment declaring that Plaintiffs are covered by the minimum wage provisions of the FLSA and that Defendants failed to comply with the requirements of the FLSA;

4. Award Plaintiffs all unpaid minimum wages for each hour worked and liquidated damages equaling 100% of the unpaid minimum wages;

5.  Award Plaintiffs all unpaid overtime wages for each hour worked in excess of 40 hours per week and liquidated damages equaling 100% of the unpaid overtime wages;

6.  Award Plaintiffs the amount of all tip credit taken by Defendants and all such tips unlawfully kept by Defendants and an additional equal amount as liquidated damages;

7.  Award Pre-judgment and post-judgment interest;

8.  Award Plaintiffs nominal damages;

9.  Reasonable attorneys' fees and expenses of litigation with any and all other costs associated with this action;

10. Award all other remedies allowed under the FLSA; and

11. Award any and such other further relief this Court deems just, equitable, and proper.


Respectfully submitted this 18th day of March, 2022.


                                          SHERI BAGHERI LAW, LLC

                                          _/s/ Sheri Bagheri_
                                          SHERI BAGHERI
204 Canton Road                           Georgia Bar No. 174460
Cumming, Georgia 30040

(678) 826-3091 Telephone
(678) 826-3093 Facsimile
Email: sheri@sheribagherilaw.com

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
Benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ MITCHELL D. BENJAMIN
MITCHELL D. BENJAMIN
GA. BAR NO. 049888

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

*Counsel for Plaintiffs*

27

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE FREEMON, HAYLEY PUCIW, ROSALIE TORTORICI, KYLEE GALLAGHER, and SAMANTHA ROLAND, | ) ) ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| T.J.E., INC. d/b/a TJ'S SPORTS BAR & GRILL, TIM ECCLESTONE, and MARK ECCLESTONE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) ) | |

## **LOCAL RULE AND SERVICE CERTIFICATION**

The undersigned certifies that this document has been prepared with a font and point selections approved by the Court in Local Rule 5.1(B) and that the foregoing **COMPLAINT FOR DAMAGES AND JURY DEMAND** has been filed with the Clerk using the CM/ECF system which will notify to the attorney(s) of record.

Respectfully submitted, this 18th day of March, 2022.

**SHERI BAGHERI LAW, LLC**

204 Canton Road
Cumming, Georgia 30040
(678) 826-3091 Telephone
(678) 826-3093 Facsimile
Email: sheri@sheribagherilaw.com

*/s/ Sheri Bagheri*
SHERI BAGHERI
Georgia Bar No. 174460

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
Benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com

*/S/ MITCHELL D. BENJAMIN*
MITCHELL D. BENJAMIN
GA. BAR NO. 049888

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

*Counsel for Plaintiffs*